UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK A. GOODWIN,

Plaintiff,

v.  No. 3:24 CV 117

DERR and WILSON,

Defendants.

## OPINION and ORDER

Mark A. Goodwin, a prisoner without a lawyer, filed a complaint about events that happened when he was a pretrial detainee at the Elkhart County Jail. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Goodwin alleges that around 1:00 am on April 21, 2022, he was ordered by Officers Wilson, Derr, and Osterday to lock down in his cell. He was outside of his cell because it was flooded and also needed to be searched for contraband. During the search, ibuprofen had been confiscated as contraband. When Goodwin was ordered back to his cell, he hesitated in order to try get his ibuprofen back from Officer Osterday

because he needed it to treat pain from a broken hand and wrist. The ibuprofen had been prescribed to him by the medical department.

After he hesitated, Officers Derr and Wilson held him by his arms and began walking him to his cell. When they reached his cell door, Goodwin says he placed his foot on the door frame to keep from going into the cell until he had his ibuprofen back. He alleges Officers Wilson and Derr then lifted him up by his arms and slammed him facedown to the floor. Pain immediately shot to Goodwin's hand, wrist, and face.

After Goodwin was on the floor in his cell, he alleges Officers Derr and Wilson started punching him in his face, neck, and jaw. He reports that Officer Wilson held him down and bent his legs back as far as possible, causing Goodwin excruciating pain. Both officers started punching and kneeing him in his lower back and ribs. Goodwin alleges he yelled out that his wrist and hand were broken—the reason he needed the ibuprofen that had been confiscated. Officer Derr allegedly reacted by reaching down and using the handcuffs to apply further pressure to Goodwin's broken wrist. This aggravated his injury, which ultimately required two surgeries to repair. Goodwin alleges that he was not resisting and was subdued once he was on the floor. He contends that at no point did he try to fight the officers, present himself as a physical threat, or provoke them verbally. Goodwin sues Officers Derr and Wilson for continuing to use force after the "minor security breach" had been neutralized and after he had been subdued. (DE # 1 at 7.)

Because Goodwin was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th

Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, Goodwin plausibly alleges that Officers Derr and Wilson violated the Fourteenth Amendment when they continued to use force against him in his cell after he was subdued and no longer disobeying orders.

Goodwin also seeks to hold the Elkhart County Sheriff liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), for a policy or custom of substandard training and poor supervisory oversight at the Elkhart County Jail.[1] A *Monell* clam cannot be based on a theory of *respondeat superior*, which holds an employer responsible for the unconstitutional acts of their employees without any fault on the employer's part. *See, e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538

---

[1] Goodwin also names Elkhart County as a defendant. But the Elkhart County Sheriff, in his official capacity, is the entity that has control over jail policies, not Elkhart County. *See Brewer v. Clinton Cnty. Sheriff's Off.*, 206 N.E.3d 1158, 1162 (Ind. Ct. App.), *transfer denied sub nom. Clinton Cnty. Bd. of Commissioners v. Clinton Cnty. Sheriff's Off.*, 212 N.E.3d 1229 (Ind. 2023) ("Not only does the [County] Board have no duty to administer the Jail, it has no control over the actions of the Sheriff or his officers at all. . . . Instead, the power to supervise a sheriff's staff, administer jail programs and provide for the safety and security of a jail's inmates, by statute, fall exclusively to the Sheriff."). Elkhart County will be dismissed on that basis.

F.3d 763, 771 (7th Cir. 2008). A claim under *Monell* requires courts to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices" in order to prevent governmental entities from being held liable solely for the actions of its employees, rather than for the governmental entities' own actions. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

"An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Where, as here, the officers must make discretionary decisions about whether and how much force to use, in order for Goodwin to state a claim for failure to train, he would have to plausibly allege the Elkhart County Sheriff "failed to provide further training after learning of a pattern of constitutional violations involving the exercise of . . . discretion." *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997). But Goodwin presents only a one-time occurrence of alleged excessive force against him, which falls short of allowing a reasonable inference of a more widespread practice that the Elkhart County Sheriff could be faulted for not addressing.

For these reasons, the court:

(1) **GRANTS** Mark A. Goodwin leave to proceed against Officer Derr and Officer Wilson in their individual capacities for compensatory and punitive damages for continuing to use force on or around April 21, 2022, after he had been physically subdued and was not resisting, in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Elkhart County and Sheriff;

4

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Derr and Officer Wilson at the Elkhart County Jail, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** Elkhart County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Derr and Officer Wilson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

                        **SO ORDERED.**

Date: July 16, 2024

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT