**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MARK A. GOODWIN,<br>Plaintiff,<br><br>v.<br><br>DAKOTA DERR and<br>CHANCE WILSON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:24-CV-117-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 55], filed December 12, 2025. Plaintiff Goodwin, who filed this case as a prisoner without a lawyer, is proceeding in this case on a claim against Defendants Derr and Wilson for using excessive force in violation of the Fourteenth Amendment. Defendants move for judgment on the claims against them. Plaintiff, now represented by counsel, filed a response on March 11, 2026, and on April 8, 2026, Defendants filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## I. Standard of Review

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc*., 621 F.3d 651, 654 (7th Cir. 2010).

## II. Analysis

Defendants argue that they are entitled to judgment in this case because they did not use excessive force to restrain Plaintiff. Plaintiff argues that there is a genuine issue of material fact regarding the force that they used. On April 20-21, 2022, Plaintiff Goodwin was incarcerated at the Elkhart County Corrections Center, and Defendants, Officers Dakota Derr and Chance Wilson, were employed by the Elkhart County Sheriff's Office as Corrections Officers at the Elkhart County Corrections Center.

Defendants argue that they are entitled to judgment on Plaintiff's claim for excessive force because no jury could reasonably conclude that Defendants acted unreasonably in the circumstances. Because Plaintiff was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons," *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted), but the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used

against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *see also Miranda*, 900 F.3d at 353–54. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Kingsley*, 576 U.S. at 397. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Defendants provide affidavits and video that establish the following facts, which are not disputed by Plaintiff. On the date in question, Plaintiff broke his cell's sprinkler head and used his toilet to flood his cell. Jail personnel had to turn off the water and sprinkler to his cell, and then needed to vacuum the water out of the cell and surrounding areas. Goodwin was removed from the cell in handcuffs while it was cleaned, and in the process of inspecting the cell an officer removed several objects from his cell. Goodwin then stood up and began to complain. He did not sit down when asked and began verbally threatened the officers. One of the officers present called for additional officers, at which point Defendant Derr came to assist. Plaintiff repeatedly refused to sit down. He was then ordered to return to his cell and refused. Defendant Derr and another officer grabbed Plaintiff's arms to lead him toward his cell. Plaintiff struggled against them, slipping on the wet floor, and placed his foot on the cell doorframe to prevent the officers from moving into his cell. Officer Derr instructed an officer to retrieve the WRAP system and instructed the other officers to take him to the ground. After they did so, and while Plaintiff was laying on his stomach, with his hands cuffed behind him, he berated and threatened the officers. Additional officers, including Defendant Wilson, arrived to assist. Derr commanded Plaintiff to stop

struggling, and Plaintiff continued to curse at and insult the officers. Derr delivered a strike in the central region of the back and placed Plaintiff's hand in a wrist-lock. Plaintiff then informed the officers that the hand in question was injured. After Derr relieved pressure on the wrist-lock, he told Plaintiff to straighten his legs. When Plaintiff did not straighten his legs to Derr's satisfaction he applied another wrist-lock. He requested that Plaintiff comply with the officers placing him in the WRAP system, and told him that if he did not comply, Derr would apply another wrist-lock. Plaintiff shouted at the officers. Wilson delivered a strike to the part of the leg above the knee. After Plaintiff's legs were straight, the officers applied the WRAP system restraints while Plaintiff continued to yell curse at, and threaten the officers. After Plaintiff was restrained, he was taken to another area where he was examined by medical personnel, who opined that his wrist was "good."

Considering the factors from *Kingsley*, the Court concludes that the amount of force used was reasonable.

Plaintiff physically resisted returning to his cell and struggled with officers in an area with a wet, slippery floor; a hazard he was responsible for creating. He continued to resist once he was on the ground and refused officer orders to yield his arms and straighten his legs. It took a number of officers to subdue Goodwin over several minutes, with him continuing to verbally threaten them throughout and refusing to follow their instructions. The officers repeatedly ordered Plaintiff to comply and warned him before escalating force. He argues that his failure to lay still was because of the pain he was in as a result of the pressure on his previously injured wrist. However, throughout the interaction, Plaintiff repeatedly threatened and insulted the officers.

Although Plaintiff argues that he was entitled to resist in self-defense, in order to claim self-defense in criminal prosecution or prison disciplinary proceedings, "an inmate may act in self-defense if he reasonably fears imminent use of sadistic and malicious force by a prison official for

the very purpose of causing him harm." *United States v. Waldman*, 835 F.3d 751, 755 (7th Cir. 2016). Inmates claiming this defense "must prove that the unlawful use of force against them was imminent, and that they had no reasonable legal alternatives to using force in self-defense." *Id*. at 756; *see also Nielsen v. Sexton*, 168 F.4th 968, 995 n.1 (7th Cir. 2026), reh'g denied, No. 23-3060, 2026 WL 853117 (7th Cir. Mar. 26, 2026). In this case, Plaintiff is not challenging a criminal conviction or prison disciplinary finding, nor was the attempt to restrain Plaintiff the type of sadistic and malicious force to which self-defense would be justified.

No reasonable jury would conclude that the officers acted unreasonably in the force applied to subdue Plaintiff given the measured amount of force used, all of which ceased when they were able to secure him in the WRAP restraints; the slippery, potentially dangerous state of the floor; and Plaintiff's repeated refusal to comply with directives, coupled with threats and insults. There is no evidence that Plaintiff suffered any injury as a result of the interaction.

In short, Plaintiff provides no evidence that he was injured in the incident, that Defendant Officers exaggerated the security concerns, or that they used more force than was reasonably necessary to subdue him. *See Kingsley*, 576 U.S. at 398; *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]e hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment [DE 55] and **DIRECTS** the Clerk of Court enter judgment in favor of the defendants and against Plaintiff Goodwin and to close this case.

SO ORDERED this 21st day of August, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record